Putnam, G. J.
The defendant (hereinafter referred to as the company) is a foreign corporation with a usual place of business in Virginia, and no place of business in Massachusetts. It brought an action of contract in this court against Cohen (said action being numbered 99676 on the docket) and its attorney of record was one Glendon who had his law office in Brookline in the County of Norfolk. Thereafter Cohen brought this action of contract against the company and the writ therein was served on Mr. Glen-don in Brookline by a Norfolk County deputy sheriff. No other service was made, and no property of the company was attached. The company pleaded in abatement that this court had no jurisdiction of the case. The trial judge filed a memorandum as follows:
“I find on the facts and issues presented that service on the attorney for the defendant foreign corporation was made in Brookline, Norfolk County, constituted personal *482 service in Norfolk County and this court has no jurisdiction of the cause presented.” He ordered the plea in abatement sustained and the writ abated. The report presents for our consideration the question whether this action of the judge was correct as a matter of law.
By Gen. Laws. (Ter. Ed.) Ch. 218, §54, this court is given jurisdiction of actions brought under Gen. Laws (Ter. Ed.) Ch. 227 “if an attachment of property or personal service of the writ is made in said (Suffolk) county.” Said Ch. 227 deals, among other things, with cross-actions against absent defendants who have themselves brought actions in Massachusetts, and section 3 authorizes the service of a writ in such a cross-action upon the attorney of record of the plaintiff in the original action. We deem such a cross-action to be an action “brought under chapter two hundred and twenty-seven,” and in order for this court to have jurisdiction of it the service of the writ must have been made in Suffolk County. The writ in the action now before us was served in Norfolk County, and this court consequently has no jurisdiction. Cohen could, under Gen. Laws, (Ter. Ed.) Ch. 223, '§2, as amended, have brought her cross-action in an appropriate district court of Norfolk County and proper orders as to set-off of judgments could have been made by the judges of the two courts under G. L. (Ter. Ed.) Ch. 227, §4.
The trial judge’s denial of the plaintiff’s requested rulings was correct and so was his decision that this court had no jurisdiction of the case.
Report Dismissed.